MOON, Appellant, v. MARKS, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Sidney N. Moon against Stewart Marks. Ford & Tuttle, for appellant. C. C. Nadal, for respondent.

PER CURIAM. Aside from other questions, there are some undisputed facts which fully support the conclusion of the learned court below. These may be briefly stated. There is no proof of any employment of the plaintiff by the defendant association to render the services claimed for. There is a lack of evidence that they were rendered for the association by even the suggestion of itself or any of its officers. It also appears that the plaintiff represented one of the associate corporations in the association, and that the services rendered by him were as representative of that corporation, with a strong probability that he was compensated therefor by it. We think the court below was right. Judgment affirmed, with costs.

---

MOREHOUSE, Respondent, v. CHATHAM ELECTRIC LIGHT CO., Appellant. (City Court of New York, General Term. May, 1901.) Action by James Morehouse against the Chatham Electric Light Company. Thomas H. Smith (Henry B. Twombly, of counsel), for appellant. A. M. & G. Card (Edward S. Griffing, of counsel), for respondent. No opinion. Judgment and order appealed from affirmed, with costs.

---

MOWBRAY, Appellant, v. SHELDON, Respondent. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Action by William E. Mowbray against George R. Sheldon. From an order requiring security for costs, plaintiff appeals. Reversed. G. W. Carr, for appellant. G. E. Mahony, for respondent.

VAN BRUNT, P. J. The ground upon which this order was made seems to have been that the suit was vexatious. It is sought to sustain the order by claiming that the plaintiff is the trustee of an express trust, but an examination of the pleadings fails to disclose any ground upon which such a position can rest. The action seems to be an action for damages, and nothing else. Under these circumstances, the court was without authority to make an order requiring the plaintiff to file security for costs. The order must be reversed, with $10 costs and disbursements, and the motion denied.

---

MULFORD, Respondent, v. MULFORD, Appellant. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Action by Ida Mulford against Charles Leslie Mulford. No opinion. Motion to dismiss appeal granted, with $10 costs, unless the appellant serves papers and brings the case to argument at the November term.

---

MULHOLLAND, Respondent, v. McKEEVER, Appellant (two cases). (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Actions by Thomas H. Mulholland and by Mary J. Mulholland against Edward J. McKeever. No opinion. Motion for reargument, or for leave to appeal to the court of appeals, denied. See 72 N. Y. Supp. 138.

---

MULLER v. UNION RY. CO. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by John Muller against the Union Railway Company. No opinion. Motion denied.

---

MULRY, Appellant, v. MULRY, Respondent. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Lawrence V. Mulry against Eliza Mulry. No opinion. Order affirmed, with $10 costs and disbursements.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. ZENNER et al. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by the Mutual Life Insurance Company of New York against John P. Zenner and others. No opinion. Order affirmed, with $10 costs and disbursements.

---

NEW ENGLAND WATERWORKS CO., Appellant, v. FARMERS' LOAN & TRUST CO., Respondent. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Action by the New England Waterworks Company against the Farmers' Loan & Trust Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed. For decision on first trial, see 66 N. Y. Supp. 811. George H. Yeaman, for appellant. David McClure, for respondent.

PER CURIAM. The facts presented by the record on this appeal are substantially the same as those presented on the former one. This court held on the former appeal that upon the facts then presented no liability whatever had been established against the defendant, and the judgment recovered by the plaintiff was reversed and a new trial ordered. Upon the second trial the learned trial justice, following the decision of this court, dismissed the complaint at the close of plaintiff's case, and in so doing we think no error was committed. The facts and the law applicable thereto were fully considered by us on the former appeal, and it is not necessary, therefore, to again consider them. The judgment appealed from must be affirmed, upon the opinion delivered upon the first appeal. 54 App. Div. 309, 66 N. Y. Supp. 811. Judgment affirmed, with costs.